GORDON K. TYLER & another *vs.* WILLIAM CURRIER & others.

Under *St.* 1855, *c.* 231, giving a lien upon ships for labor or materials, to be enforced by petition to the court of common pleas " in the manner provided by " the Rev. Sts. *c.* 117, §§ 4 & *seq.*, a petition cannot be filed until the debt sought to be secured has remained unpaid sixty days after it has been payable, as provided by the Rev. Sts. *c.* 117, § 4, :r case of liens on buildings.

PETITION, inserted in a writ and filed in the court of common pleas on the 20th of May 1856, to enforce a lien upon two vessels under *St.* 1855, *c.* 231, for timber sold and delivered by the petitioners to the respondents on the 14th of April 1856. The respondents contended that the petition was prematurely brought, because the sum for which the lien was claimed had not been due and unpaid for sixty days ; and relied on the provision of *St.* 1855, *c.* 231, § 3, that " such lien may be enforced by petition to the court of common pleas, in the manner provided by the fourth and subsequent sections of the one hundred and seventeenth chapter of the revised statutes," and the provision of the Rev. Sts. *c.* 117, § 4, that " when any sum due by such contract shall remain unpaid for the space of sixty days after the same is payable, the creditor may, upon a petition to the court of common pleas," obtain a decree. But *Briggs*, J. overruled the objection, and entered a decree for the petitioners. The respondents alleged exceptions.

*C. T. Russell,* for the respondents.

*O. P. Lord & W. C. Endicott,* for the petitioners. The provision of the Rev. Sts. *c.* 117, § 4, that the creditor shall not bring his petition until sixty days after the sum due is payable, is no part of "the manner of enforcing the petition;" but merely specifies the time requisite to complete the lien, as indicated by the provision of § 1, that he "shall have a lien in the manner hereinafter provided." The Rev. Sts. *c.* 117 thus give a lien after the sixty days only; the *St.* of 1855, *c.* 231, § 1, gives a lien immediately. To extend this postponement of proceedings against immovable property, to a ship afloat and which may go away at any moment, would often defeat the lien. And see *St.* 1855, *c.* 231, § 2. Even in the case of buildings and land, this postponement of remedy has now been abolished. *Sts.* 1851, *c* 343; 1852, *c.* 307.

METCALF, J. The court are of opinion that this petition was prematurely brought, and, for that reason, if for no other, cannot be granted. The *St.* of 1855, *c.* 231, on which this petition is founded, provides, by § 3, that the lien therein given on ships and vessels "may be enforced by petition to the court of common pleas, in the manner provided by the fourth and subsequent sections of the one hundred and seventeenth chapter of the revised statutes." The Rev. Sts. *c.* 117 provide for the lien of mechanics on the land upon which buildings are erected, in the erecting or repairing of which they have, by contract, furnished labor or materials; and by § 4, "when any sum due by such contract shall remain unpaid for the space of sixty days after the same is payable, the creditor may, upon petition to the court of common pleas for the county where the land lies, obtain a decree for the sale thereof, and for applying the proceeds to the discharge of his demand." The subsequent sections relate to the filing of the petition, its contents, the notice to be ordered by the court, proof of claims, trial of questions of fact, order for sale, &c. And these petitioners do not deny that they are required, by *St.* 1855, *c.* 231, § 3, to conform their proceedings, in the present case, to the provisions of the sections subsequent to § 4 in *c.* 117 of the revised statutes. But they take the

position, that the provision in the revised statutes, that the creditor shall not bring his petition until sixty days after the sum due is payable, is no part of the "manner of enforcing the petition." We think otherwise. There is no limitation, unless it be that of sixty days; and it is not to be supposed that the legislature intended to authorize the enforcement forthwith of a lien on ships and vessels. If they had intended that such lien might be enforced sooner than a mechanic's lien might, we doubt not they would have so expressly provided. If the restriction as to time is not adopted, suits may be commenced in one day after the debts become due, and vessels be arrested, and large costs incurred. The restriction gives time for adjustment, notice and arrangements, and tends to prevent the hasty, vexatious or unreasonable use of the remedy.

By *St.* 1845, *c.* 163, § 8, " the same remedies" were given to persons whose property should be damaged by the Essex Company, by flowing, &c., as were provided by the Rev. Sts. *c.* 39, for persons damaged by railroad corporations; and by § 58 of that chapter, an application to the county commissioners for an estimate of damages for property taken by such corporations was required to be made within three years from the time of the taking thereof. It was held, in *Call* v. *County Commissioners*, 2 Gray, 232, that an application for an estimate of damages done by the Essex Company, by flowing land, must be made within three years of the erection of the company's dam, although it was contended that the provision for " the same remedies," as were given against railroad corporations, related to the form only of the remedy, and did not attach the limitation of three years. That case is analogous to this.

*Exceptions sustained.**

---

* A libel in admiralty to enforce the lien given by *St.* 1855, *c.* 231, may be filed at once. *The Richard Busteed*, Sprague, 449 *& seq.*